UNITED STATES BANKRUPTCY COURT     Hearing Date:     March 23, 2010
NORTHERN DISTRICT OF NEW YORK     Hearing Time:     9:30 a.m.
-------------------------------------------------------------Hearing Location:  Utica, New York

In re:

                                 Case No.  09-63135

PATRICK HACKETT HARDWARE COMPANY,     Chapter 11

                        Debtor.
----------------------------------------------------------------

## UNITED STATES TRUSTEE'S MOTION TO CONVERT THIS CHAPTER 11 CASE TO A CHAPTER 7 CASE PURSUANT TO 11 U.S.C. § 1112(b)

TO THE HONORABLE DIANE DAVIS, UNITED STATES BANKRUPTCY JUDGE:

The United States Trustee for Region 2 ("United States Trustee"), in furtherance of her duties and responsibilities set forth in 28 U.S.C. § 586(a)(3),(5), does hereby make application to this Court for an order converting the case of Patrick Hackett Hardware Company ("Debtor") from a chapter 11 case to a chapter 7 case, pursuant to 11 U.S.C. § 1112(b).  In support of the relief requested, the United States Trustee represents and alleges as follows:

### BACKGROUND AND PROCEDURAL HISTORY

1.     The Debtor commenced this case by filing a voluntary petition under chapter 11 of title 11 of the United States Code ("Bankruptcy Code") on November 10, 2009.

2.     With the petition, the Debtor filed Schedules "D," "E," and "F," together with the Debtor's corporate resolution, authorizing the bankruptcy filing.

3.     On November 10, 2009, the Court Clerk issued a deficiency notice to the Debtor, which stated that the following documents were required to be filed on or before November 25, 2009:

     (a)     Disclosure of Attorney Compensation, required by Rule 2016(b) of the

1

Federal Rules of Bankruptcy Procedure;

(b)     List of Equity Security Holders;

(c)     Schedules "A" through "C" and Schedules "G" through "J;"

(d)     Statement of Financial Affairs;

(e)     Statistical Summary;

(f)     Summary of Schedules; and

(g)     Affidavit Pursuant to Local Rule 2015-6.

4.     According to the Debtor's petition, the proposed counsel in this case is David P. Antonucci ("Antonucci"). However, the docket does not reflect that an order has been entered appointing Antonucci or that an application for such relief has even been filed.

5.     On November 16, 2010, the Court entered an Order Directing Duties of Debtor-In-Possession ("November 16th Order"), which set forth the standard, fundamental obligations for the Debtor in its capacity as a debtor-in-possession.

6.     The meeting of creditors, pursuant to 11 U.S.C. § 341 ("341 Meeting") was scheduled for December 15, 2009.

7.     On November 24, 2009, the Debtor filed a motion requesting an extension of the deadline to file the deficient Schedules, Statement of Financial Affairs and other required bankruptcy documents ("Motion to Extend Deadline"). The Debtor sought to extend the deadline to January 10, 2010. However, the Debtor improperly noticed the hearing on the Motion to Extend Deadline, and it was not heard by the Court until January 20, 2010. The United States Trustee objected to the extension requested by the Debtor and, at the hearing held on January 20, 2010, the Court denied the Motion to Extend Deadline.

8.     The United States Trustee conducted the Initial Debtor Interview on November 30, 2009. During the Initial Debtor Interview, the representative from the United States

Trustee's office requested the following documents:

  (a)   A copy of the Debtor's most recent audited financial statement;

  (b)   Proof that pre-petition bank accounts were closed;

  (c)   The most recent report of physical inventory, which was taken in June, 2009; and

  (d)   A projected cash budget for the first six months of post-petition operations.

9.      The documents requested by the United States Trustee at the Initial Debtor Interview have not yet been provided by the Debtor.

10.     On December 2, 2009, the United States Trustee filed a Notice of Appointment of Official Committee of Unsecured Creditors ("Committee").

11.     The 341 Meeting was conducted on December 15, 2009. Thomas Scozzafava ("Scozzafava") appeared for the 341 Meeting to testify on behalf of the Debtor.

12.     During the 341 Meeting, the United States Trustee noted that the electronic signature on the Debtor's Petition stated "Thomas Scozzafava/ Herbert Becker" in their capacities as "President Chairman." Although neither Scozzafava nor Antonucci had the original Petition at the 341 Meeting, Antonucci stated on the record that only Herbert Becker signed the Petition; Scozzafava did not sign the Petition. The United States Trustee directed Antonucci to file an amended petition to accurately reflect the signature on the original petition. The Debtor has not filed an amended Petition.[1]

13.      During the 341 Meeting, Scozzafava testified that, after the commencement of the Debtor's bankruptcy case, the Debtor paid pre-petition wages to its employees without

---

[1] The Debtor filed an Amended Petition on November 18, 2009, which preceded the 341 Meeting. However, the Amended Petition did not correctly reflect the signature on the original petition.

authorization by order of this Court.

14.      Because the Debtor failed to cure the deficiencies of its remaining Schedules, Statement of Financial Affairs and other necessary documents, the United States Trustee adjourned the 341 Meeting to January 8, 2010.

15.      By January 7, 2010, the deficiencies had still not be cured. The United States Trustee contacted Antonucci and was told that the documents would not be filed before the adjourned date for the 341 Meeting. Therefore, the United States Trustee adjourned the 341 Meeting again to January 22, 2010.

16.      On January 20, 2010, Antonucci appeared for a Court hearing and represented that the information had been obtained to prepare the Debtor's remaining Schedules and Statement of Financial Affairs. Following the appearances before the Court, Antonucci advised the United States Trustee that the deficient bankruptcy documents would be filed by January 25, 2010.

17.      Following the Court appearances on January 20, 2010, the United States Trustee telephoned Antonucci and left a message in an effort again reschedule the 341 meeting because Antonucci advised that the outstanding bankruptcy documents would not be filed by January 22, 2010. The United States Trustee did not receive a return phone call from Antonucci's Office until after the adjourned 341 Meeting was scheduled to take place on January 22, 2010.

18.      On January 26, 2010, the Debtor filed the Disclosure of Attorney Compensation, the List of Equity Security Holders, the remaining Schedules, the Statement of Financial Affairs, the Statistical Summary and the Summary of Schedules. The foregoing documents were filed more than two (2) months after the applicable deadline.

19.      The Debtor still has not filed the affidavit required by Local Rule 2015-6.

20. Additionally, the Debtor has not filed any operating reports since the commencement of the case. Currently, the Debtor owes operating reports for November and December 2009.

21. The failure to file operating reports has prohibited the United States Trustee from accurately calculating the amount of quarterly fees that are owed, pursuant to 28 U.S.C. § 1930.

## APPLICABLE AUTHORITY

22. Under 11 U.S.C. § 307, the United States Trustee has standing to be heard on any issue, in any bankruptcy case or proceeding.

23. Pursuant to 28 U.S.C. § 586 (a)(3), the United States Trustee is charged with the duty of supervising the administration of cases in chapter 11.

24. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157.

25. 28 U.S.C. § 586(a)(8) states that "in any case in which the United States trustee finds material grounds for relief under section 1112 of title 11, the United States trustee shall apply promptly after making that finding to the court for relief."

26. Conversion of chapter 11 cases is governed by 11 U.S.C. § 1112(b). Section 1112(b) states in relevant part as follows:

> (1) Except as provided in paragraph (2) of this subsection…….on request of a party in interest….absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

> (2) The relief provided in paragraph (1) shall not be granted absent unusual circumstances specifically identified by the court that establish that such relief is not in the best interests of creditors and the estate, if the debtor or another party in interest objects and establishes that –

(A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in section 1121(e) and 1129(e) of this title….; and

(B) the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A)—

(i) for which there exists a reasonable justification for the act or omission; and

(ii) that will be cured within a reasonable period of time fixed by the court

. . .

(4) For purposes of this subsection, the term "cause" includes [in relevant part]-

. . .

(E) failure to comply with an order of the court;

(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

(G) failure to attend the meeting of creditors convened under section 341(a) . . . without good cause shown by the debtor;

(H) failure to timely provide information or attend meetings reasonably requested by the United States trustee . . . .

27.     Stated differently, with limited exceptions, § 1112(b) mandates that the court dismiss or convert a Chapter 11 case where any of the acts or omissions identified in § 1112(b)(4) exist.  "Congress has purposefully limited the role of this Court in deciding issues of conversion or dismissal, such that this Court has no choice, and no discretion, in that it 'shall' dismiss or convert a case under Chapter 11 if the elements for 'cause' are shown under 11 U.S.C. § 1112(b)(4)." *In re TCR of Denver, LLC,* 338 B.R. 494, 498 (Bankr. D. Colo. 2006); *see In re Veltmann*, No. 11-07-11370 MR, 2007 WL 4191736, *3 (Bankr. D.N.M. November 21, 2007) ("once sufficient cause has been demonstrated, dismissal or conversion is mandatory").

28.     There are only two exceptions to mandatory conversion or dismissal.  The first is found in § 1112(b)(1), and it restores the court's discretion over dismissal or conversion in cases involving "unusual circumstances specifically identified by the court."  The second exception is found in § 1112(b)(2), and it operates to enable a debtor to avoid dismissal or conversion where "reasonable justification" exists for the deficiencies in the case, those deficiencies "will be cured within a reasonable period of time," and there is a reasonable likelihood that the debtor will confirm a plan.  However, this second exception is inapplicable if cause exists under § 1112(b)(4)(A).

## CAUSE EXISTS TO CONVERT THIS CASE PURSUANT TO 11 U.S.C. § 1112(b)

**A.     Cause Exists for Conversion Pursuant to 11 U.S.C. § 1112(b)(4)(E)**

29.     Pursuant to 11 U.S.C. § 1112(b)(4)(E), cause for conversion of a debtor's chapter 11 case may be grounded in a debtor's failure to comply with an order of the court.  *In re Prosser*, No. 2007-156, 2008 WL 5655444, *3 (D.V.I. June 6, 2008) (finding that bankruptcy court did not abuse discretion in converting case based, inter alia, on failure to comply with order requiring debtor to provide trustee with "immediate, full, complete and unfettered access" to particular documents and records within debtor's control); *In re Spencer C. Young Inv./The Courtyard of Chapel Hill, LLC*, No. 08-81852 2009 WL 901654, *4 (Bankr. M.D.N.C. Feb. 4, 2009) (concluding that dismissal was warranted based on debtor's failure to comply with operating order requiring debtor to close pre-petition accounts and timely file monthly operating reports); *In re Emergystat of Sulligent, Inc.*, No. 07-51394, 2008 WL 597613, *9 (Bankr. E.D. Tenn. Feb. 29, 2009) (finding grounds for dismissal in debtor's failure to comply with cash collateral order).

30.     Among the directives in the Court's November 16th Order were the following:

> (a)     the debtor shall file with the Court and with the Office of the United States Trustee monthly statements of its operations and financial condition;
>
> (b)     the debtor shall not pay any unsecured debt incurred prior to the filing of the petition unless payment is or has been authorized by the court after notice and a hearing; and
>
> (c)     the debtor shall not employ any attorney without the approval of the court.

31.     As explained above, the Debtor has not filed any operating reports since the commencement of the case.  In addition, the Debtor has paid pre-petition creditors, without authorization of the Court, by satisfying employees' pre-petition wages after the bankruptcy filing.  The Debtor is also employing Antonucci as its bankruptcy counsel, without the entry of an order authorizing the retention.

32.     For these reasons, the Debtor has not complied with the Court's November 16th Order, and the failure to comply continues.  Cause for conversion, therefore, exists pursuant to 11 U.S.C. § 1112(b)(4)(E).

**B.     Cause for Conversion Exists Pursuant to 11 U.S.C. § 1112(b)(4)(F)**

33.     Pursuant to 11 U.S.C. § 1112(b)(4)(F), cause for conversion exists based on a debtor's "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter." *See In re Stinson Petroleum Co., Inc.*, No. No. 09-51663-NPO, 2009 WL 5108396, *2 (Bankr. S.D. Miss. Dec. 16, 2009) (citing failure to timely file monthly operating reports as additional grounds for conversion); *In re Tucker*, 411 B.R. 530, 535 (Bankr. S.D. Ga. 2009) (stating that "operating reports and the financial disclosures accompanying them are the life-blood of the Chapter 11 process" and that they "are the means by which creditors can monitor debtor's post-petition operations and as such,

are an important obligation of a debtor-in-possession") (quoting *In re 210 West Liberty Holdings, LLC*, 2009 WL 1522047, at *7 (Bankr. N.D. W. Va. May 29, 2009)); *Spencer C. Young Inv.*, No. 08-81852 2009 WL 901654 at *4 (stating that failure to file schedules was grounds for conversion under § 1112(b)(4)(F)).

34.     Section 521(a) of the Bankruptcy Code expressly requires a debtor to file a schedule of assets and liabilities, a schedule of current income and expenditures, and a statement of the debtor's financial affairs. Rule 1007 of the Federal Rules of Bankruptcy Procedure ("Fed R. Bankr. P.") required the Debtor to have filed its Schedules and Statement of Financial Affairs within fifteen (15) days of the filing of the petition.[2] Although the Debtor requested an extension of this deadline, the Court denied the request at the motion term held on January 20, 2010.

35.     According to 11 U.S.C. § 704(a)(8), a trustee shall "file with the court, with the United States trustee, and with any governmental unit charged with responsibility for collection or determination of any tax arising out of such operation, periodic reports and summaries of the operation of such business, including a statement of receipts and disbursements, and such other information as the United States trustee or the court requires."

36.     The requirements imposed on a trustee by the terms of 11 U.S.C. § 707(a)(8) are applicable to a chapter 11 debtor-in-possession pursuant to 11 U.S.C. §§ 1106(a) and 1107(a).

37.     The requirements imposed on the Debtor for timely filing its Schedules and Statement of Financial Affairs were established by the plain language of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. The Debtor failed to satisfy those requirements because the Schedules and Statement of Financial Affairs were not filed in a timely manner, and

---

[2] Although Rule 1007 has been revised to require a debtor's Schedules and Statement of Financial Affairs to be filed within fourteen days of the filing of the petition, the revisions did not become effective until after the commencement of this case.

operating reports have not been filed since the commencement of the case. Moreover, the Debtor's failure to comply with these requirements has been unexcused. Consequently, cause for conversion exists, pursuant to 11 U.S.C. § 1112(b)(4)(F).

**C.     Cause for Conversion Exists Pursuant to 11 U.S.C. § 1112(b)(4)(G)**

38.     Section 1112(b)(4)(G) of the Bankruptcy Code states that a court may find cause for conversion based on a debtor's "failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor." *See In re Sanders*, 417 B.R. 596, 601 (D. Ariz. 2009) (finding that cause for conversion clearly existed when debtor failed to appear for three scheduled examinations under Rule 2004 of the Federal Rules of Bankruptcy Procedure).

39.     The 341 Meeting has already been adjourned twice in this case. Following the appearance by Scozzafava on December 15, 2009, the hearing was adjourned to January 8, 2010 because the Debtor had not filed its Schedules and Statement of Financial Affairs. When the Debtor failed to cure this deficiency before January 8, 2010, the 341 Meeting was adjourned to January 22, 2010. Once again, the Debtor failed to file the required documents, prohibiting a meaningful examination of the Debtor's representative. The Debtor's failure to timely file its Schedules and Statement of Financial Affairs has impaired the United States Trustee's ability to conduct and complete the 341 Meeting. Consequently, cause for conversion exists pursuant to 11 U.S.C. § 1112(b)(4)(G).

**D.     Cause for Conversion Exists Pursuant to 11 U.S.C. § 1112(b)(4)(H)**

40.     Section 1112(b)(4)(H) of the Bankruptcy Code states that cause for conversion of a debtor's chapter 11 case may be grounded in the debtor's failure to timely provide information or attend meetings reasonably requested by the United States trustee. *See In re Melendez*

*Concrete, Inc.*, No. 11-09-12334 JA, 2009 WL 2997920, *6 (Bankr. D.N.M. Sept. 15, 2009) (concluding that cause for conversion existed under § 1112(b)(4)(H) because documents filed and information provided in connection with initial debtor interview did not adequately disclose claims against insiders); *Tucker*, 411 B.R. at 535 (finding that information provided by debtor showed he could not or would not timely and fully disclose the full extent of his assets, his debt and the source of his income and concluding that cause for dismissal or conversion existed under § 1112(b)(4)(H)).

41.     The Debtor's failure to timely file its Schedules and Statement of Financial Affairs has caused significant delay in the administration of this case.  It prohibited the United States Trustee and creditors from obtaining basic information regarding the Debtor's assets and liabilities, which should have been provided when the case was commenced.  It has also made the United States Trustee's duty to conduct the 341 Meeting impossible to satisfy.  For these reasons, the Debtor's failure to timely file the Schedules and Statement of Financial Affairs is cause for conversion under 11 U.S.C. § 1112(b)(4)(H).

42.     Likewise, the failure to provide the documents requested at the Initial Debtor Interview is cause for conversion.  The United States Trustee's request for documents was reasonable and sought nothing beyond that which is expected of other chapter 11 debtors. Moreover, the Debtor's representative did not assert that the documents could not be provided or did not exist.  The Debtor simply failed to provide them.  This failure is cause for conversion under 11 U.S.C. § 1112(b)(4)(H).

43.     Additionally, the Debtor has ignored the request by the United States Trustee to amend the Petition so that the electronic version, filed with the Court, comports with the signature on the original Petition.  The Debtor's cavalier treatment of the standard obligations

imposed on chapter 11 debtors shows the absence of a sincere desire and ability to rehabilitate, and it is a basis for conversion of this case to chapter 7. *See In re Bartee*, 317 B.R. 362, (B.A.P. 9th Cir. 2004) ("[a] debtor who has invoked the protection of the Bankruptcy Code must also assume the responsibilities attendant to this protection, including accounting for assets and completing schedules in good faith . . .") (citation omitted).

**WHEREFORE**, the United States Trustee respectfully requests that the Court enter an order converting this chapter 11 case to a case under chapter 7 pursuant to 11 U.S.C. § 1112(b), together with such other and further relief as may be deemed just and proper.

Dated: January 26, 2010
      Utica, New York

Respectfully submitted,

**DIANA G. ADAMS**
**UNITED STATES TRUSTEE FOR REGION 2**

 /s/ Amy F. Quandt _____
**AMY F. QUANDT**
**TRIAL ATTORNEY**
**10 Broad Street**
**Suite 105**
**Utica, New York 13501**
**Tel: No. (315) 793-8191**
**Fax: No. (315) 793-8133**