UNTIED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re: PATRICK HACKETT HARDWARE COMPANY

Case No.: 09-63135
Chapter 11

Debtor

AFFIDAVIT OF HERBERT BECKER IN SUPPORT OF
CHAPTER 11 PETITION AND FIRST DAY MOTIONS
AND PURSUANT TO LOCAL RULE 2015-6

Herbert Becker, being duly sworn, hereby deposes and says:

1. I am the President and Chief Executive Officer of Patrick Hackett Hardware Company, (the "Debtor"). I submit this affidavit in support of the first-day applications and motions filed by the Debtor on November 10, 2009 (the "Petition Date") and in compliance with Local Rule 2015-6. Except as otherwise indicated, all facts set for the in this affidavit are based upon my personal knowledge, my review of relevant documents, my opinion, my experience and knowledge of the Debtor's operations and financial condition, or are based upon knowledge of the Debtors operations and financial condition, or are based upon knowledge of employees of the Debtor reporting to me and are derived in the course of their duties. If I were called upon to testify, I could and would testify to the facts set forth in this affidavit. I am authorized on behalf of the Debtor to submit this affidavit.

2. Part I of this affidavit describes the Debtor's business and the circumstances surrounding the filing of the Debtor's chapter 11 petition. Part II of this affidavit sets forth the relevant facts in support of the various first-day applications and motions filed by the Debtor contemporaneously with this affidavit.

.

## PART I

3. The Debtor is a New York corporation which owns and operates a retail store chain business in various cities throughout the state of New York and provides various retail merchandise and services to potential customers throughout an assortment of New York counties i.e. Jefferson, St. Lawrence, Oswego, etc. (the "Business").

4. Pursuant to Local Rule 2015-6(a)(1), Debtor is a retail store chain the circumstances leading to the filing of the Chapter 11 were default in various payments and restraint of its bank accounts.

5. Pursuant to Local Rule 2015-6(a)(2), Debtor filed its Summary of Schedules.

6. Pursuant to Local Rule 2015-6(a)(3), no property of the Debtor's is in the possession or custody of any custodian or other third party.

7. Pursuant to Local Rule 2015-6(a)(4), Debtor filed such schedules.

8. Pursuant to Local Rule 2015-6(a)(5), Debtor field such statement of financial affairs.

## PART II

9. Pursuant to Local Rule 2015-6(b)(1), the estimated amount of the bi-weekly payroll to employees for the 30 day period following the filing of the chapter 11 petition is the following, November 25, 2009: $60,313.94 (Payroll - $55,835.72 Taxes - $4,478.22); December 10, 2009: $56,367.75 (Payroll - $52,232.95 Taxes - $4,134.80).

10. Pursuant to Local Rule 2015-6(b)(2), the amount to be paid for services to officers, stockholders and directors for the 30 day period following the filing of the chapter 11 petition is $12,423.07.

11. Pursuant to Local Rule 2015-6(b)(3), a schedule setting forth for the 30 days following the filing of the petition for Estimated Cash Receipts (Sales), Estimated Disbursements, Mortgage Payment(s), Property Tax Payment(s) and Other Expenses are as follows:

| | |
|---|---|
| Estimated Cash Receipts (Sales): | _$1,156,190.00__ |
| Estimated Disbursements: | _$450,000.00____ |
| Mortgage Payment: | ___None_____ |
| Property Tax Payment: | ___None_____ |
| Other Expenses | _None, all disbursements listed above__ |

Dated: 3-8-10

Patrick Hackett Hardware Company

By: _____

Sworn to before me this 8th
day of March, 2010.

_____
Notary Public
State of New York

JUDY McDONALD
NOTARY PUBLIC, STATE OF NEW YORK
REG. NO. 01MC6108449
QUALIFIED IN JEFFERSON COUNTY
COMMISSION EXPIRES 4/19/ 2012