UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re

PATRICK HACKETT HARDWARE COMPANY, d/b/a
WISEBUYS STORES, d/b/a HACKETTS,

Debtor.

Chapter 11
Case No. 09-63135-6

**RESPONSE BY KEYBANK NATIONAL ASSOCIATION TO UNITED STATES TRUSTEE'S MOTION TO CONVERT CHAPTER 11 CASE TO A CHAPTER 7 CASE PURSUANT TO 11 U.S.C. §1112(b)**

KeyBank National Association ("KeyBank") by its attorneys Nolan & Heller, LLP, states as follows as its response to the United States Trustee's Motion to Convert Chapter 11 case to a Chapter 7 Case pursuant to 11 U.S.C. §1112(b) in the case of Patrick Hackett Hardware Company ("Debtor").

1. The Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court") on November 10, 2009.

2. KeyBank is a national banking association with a place of business located at 66 South Pearl Street, Albany, New York.

3. The Debtor is indebted to KeyBank pursuant to the terms of that certain Consolidated Promissory Note dated June 11, 1998 in the original principal amount of $1,400,000.00 (the "Note") executed and delivered by Debtor to KeyBank.

4. As security for the repayment of the Note, on or about June 11, 1998, Debtor executed in favor of, and delivered to KeyBank, a certain Mortgage and Security Agreement (the "Mortgage"),

which granted KeyBank a security interest in, *inter alia*, certain real property owned by the Debtor located in the City of Ogdensburg, County of St. Lawrence, State of New York as more particularly described in the Mortgage. In addition, the Debtor pledged to KeyBank all improvements situate thereon along with "all fixtures, furnishings, machinery and equipment, chattels and articles of personal property now or hereafter attached to or used in connection with the Premises, together with any and all replacements thereof and additions thereto. The Debtor further granted KeyBank an Assignment of Rents and Leases with respect to the Property. The Note and Mortgage and Assignment of Rents are collectively referred to as the "Loan Documents".

5. As of the filing date of the petition, the principal amount due and owing under the Loan Documents was $422,953.44, plus accruing interest at the rate of $54.07136 per diem, plus accrued costs and fees arising from KeyBank's enforcement of its rights under the Loan Documents.

6. On November 10, 2010, the Court held a hearing on the Debtor's Amended Disclosure Statement. Based upon arguments considered at such hearing, the Court denied approval of the Amended Disclosure Statement.

7. Prior to the hearing on the Debtor's Amended Disclosure Statement, the United States Trustee's office filed a motion to convert the Debtor's case to Chapter 7, based upon a number of grounds, including defaults in the filing of operating reports, payment of fees to the United States Trustee, the failure of the Debtor's counsel to obtain an order granting his application to be retained as counsel to the Debtor and the objections raised by the United States Trustee to the Debtor's Amended Disclosure Statement.

8. The Debtor's counsel has filed an affidavit in opposition to the U.S. Trustee's requested relief and now asserts that the Debtor intends to file a disclosure statement and plan that is

completely different from that proposed in the Amended Disclosure Statement in that it will be funded from the Debtor's operations and the liquidation of undisclosed assets of the Debtor, rather than by speculative investments by third parties in the Debtor's parent corporation. However, it should be noted that the Debtor's prior disclosure statement and plan included projections from operations which showed that the Debtor would operate at a deficiency for at least six months out of every year of the plan. Thus, it is hard to understand how a "traditional" plan the Debtor now apparently intends to propose will be feasible based on the detailed projections previously submitted to the Court.

9. In addition, the Debtor was well aware of the problems with its prior disclosure statement and plan and its speculative funding from third-party investors. That funding source did not change from the initial disclosure statement and plan to the Amended Disclosure Statement notwithstanding the thorough objections raised by the Creditors Committee and the United States Trustee. The Debtor now asks that it be afforded additional time to propose yet another plan that will be funded solely from operations and the sale of assets, despite that fact that such a shift in strategy could, and should, have been considered and employed sooner. Instead, the creditors in the case have not seen any progress to confirmation of a plan in the year since the case was filed. KeyBank, in particular, has not received any post-petition payments on account of its mortgage debt while it appears from the Amended Disclosure Statement that post-petition real property taxes have not been paid with respect to the property in which KeyBank holds a mortgagee interest. The inability to remain current on its post-petition obligations while continuing to show substantial losses post-petition raises serious questions about the Debtor's viability and ability to propose and confirm a feasible plan.

10. It is respectfully submitted that creditors should no longer bear the burden of the Debtor's stillborn attempts at reorganization, particularly in light of the Debtor's own projections in its Amended Disclosure Statement that showed operating losses for at least six months out of every year of the plan term.

11. Based upon the foregoing, it is respectfully submitted that KeyBank supports the United States Trustee's motion to convert the Debtor's case. Alternatively, based on the Debtor's opposition to the motion, it appears that the Debtor concedes that on liquidation there are no assets of value that would inure to the benefit of unsecured creditors. Based on that concession, it is respectfully submitted that dismissal of the case may be the more appropriate remedy. In the event that the Court is inclined to sustain the Debtor's objection, it is respectfully submitted that the entry of a conditional order that sets strict time periods for filing and approval of a disclosure statement and plan and curing the defaults noted in the United States Trustee's motion, time being of the essence, with conversion or dismissal being the result of a default in any such condition is an appropriate remedy to move the case forward.

**WHEREFORE,** KeyBank respectfully requests that the Court grant the United States Trustee's motion or, in the alternative, dismiss the case or, in the alternative, enter a conditional order of dismissal or conversion, and that the Court grant such other and further relief as the Court may deem appropriate.

Dated: November 30, 2010
Albany, New York

NOLAN & HELLER, LLP

/s/ Francis J. Brennan
Francis J. Brennan, Esq.
*Attorneys for KeyBank National Association*
39 North Pearl Street, 3rd Floor
Albany, New York 12207
(518) 449-3300

80344-1